UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-23055-CIV-MARTINEZ/SANCHEZ

CAPCOM CO., LTD.,

      Plaintiff,

v.

THE PARTNERSHIPS and UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE
"A,"

      Defendants.

_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S
### MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiff's Motion for Entry of a Preliminary Injunction.

ECF No. 18.[1] Plaintiff seeks the entry of a preliminary injunction, including the entry of an order

restraining assets, against the 115 individuals and business entities identified on Schedule A

(collectively, "Defendants"),[2] based on alleged copyright and trademark infringement, pursuant to

Fed. R. Civ. P. 65, 15 U.S.C. § 1116(a), 17 U.S.C. § 502(a), and the All Writs Act, 28 U.S.C.

§ 1651(a).

The Court held a hearing on June 17, 2026, at which only counsel for Plaintiff was present

and available to provide evidence supporting Plaintiff's motion.[3] Defendants have not responded

---

[1] The Honorable Jose E. Martinez referred the motion to the undersigned. ECF No. 19.

[2] Defendants are identified in the complaint as the "Partnerships and Unincorporated Associations Identified on Schedule 'A'" and are further described therein as the "unknown individuals and business entities who own and/or operate one or more of the e-commerce stores under the Seller Aliases identified on Schedule A." ECF No. 1 at 1; *id.* at ¶ 21. An unredacted version of Schedule A is attached hereto and can also be found on the Court's docket. *See* ECF No. 9 at 11-15.

[3] At the hearing, Plaintiff relied upon the declarations and exhibits which were filed in support of Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order. *See* ECF No. 5. The declarations include: (1) the Declaration of Robert Johns, a consultant for Plaintiff, ECF No. 5-1; and (2) the Declaration of Laura M. Reich, an attorney for Plaintiff, ECF No. 5-19.

to Plaintiff's motion, have not made any filings in this case, and have not appeared in this matter, either individually or through counsel. Having reviewed Plaintiff's motion, the pertinent portions of the record, and the relevant legal authorities, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of a Preliminary Injunction, ECF No. 18, be **GRANTED**.

## I.    BACKGROUND

Plaintiff is the owner of the federally registered copyrights (the "Capcom Copyrights") and the federally registered trademarks (the "Capcom Trademarks") identified in the Declaration of Robert Johns. *See* ECF No. 5-1 at ¶¶ 6-7, 10-11; *see also* ECF Nos. 5-2, 5-3. The Capcom Copyrights are registered with the United States Copyright Office, *see* ECF No. 5-1 at ¶ 7; ECF No. 5-2, the Capcom Trademarks are registered on the Principal Register of the United States Patent and Trademark Office, *see* ECF No. 5-1 at ¶ 10; ECF No. 5-3, and both the Capcom Copyrights and Capcom Trademarks are used in connection with Plaintiff's Resident Evil franchise, as well as the marketing and sale of Resident Evil branded products, including clothing, pins, snacks, plushies, figurines, toys, and videogames, *see* ECF No. 5-1 at ¶¶ 4-15.

Defendants, operating under the seller aliases identified on Schedule A (the "Seller Aliases"), have advertised, marketed, distributed, offered for sale, and/or sold products using infringing and counterfeit versions of the Capcom Trademarks and/or unauthorized copies of Capcom's Copyrights (the "Unauthorized Products"). ECF No. 5-19 at ¶ 2; ECF No. 5-1 at ¶¶ 18-20; *see* ECF Nos. 5-4 to 5-18. Further, Defendants have targeted consumers within the United States and within this district through their interactive e-commerce online stores. ECF No. 5-1 at ¶¶ 17-19.

Plaintiff has submitted sufficient evidence showing that each Defendant has infringed either the Capcom Copyrights, the Capcom Trademarks, or both. *See* ECF No. 5-1 at ¶ 18; ECF

Nos. 5-4 to 5-18.  Plaintiff has not authorized Defendants to use any of the Capcom Trademarks and/or to copy or distribute the Capcom Copyrights, and Defendants are not authorized retailers of Capcom products.  *See* ECF No. 5-1 at ¶ 20.  Plaintiff's consultant accessed each Defendant's e-commerce stores and determined that Defendants were offering Unauthorized Products for sale to consumers in the United States.  *Id.* at ¶ 18.  Specifically, Plaintiff's consultant visually examined each Defendants' storefront, including the products listed for sale, the price for those products, and "other features commonly associated with e-commerce stores selling infringing products," and determined that the products Defendants were offering for sale were non-genuine Unauthorized Products.  *Id.*; *see also* ECF Nos. 5-4 to 5-18

On April 29, 2026, Plaintiff filed a complaint against Defendants for trademark infringement and counterfeiting, in violation of 15 U.S.C. § 1114 (Count I); false designation of origin, in violation of 15 U.S.C. § 1125(a) (Count II); and copyright infringement, in violation of 17 U.S.C. §§ 106, 501 (Count III).  ECF No. 1.  On May 14, 2026, Plaintiff filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order, ECF No. 5, and an *Ex Parte* Motion for Electronic Service of Process, ECF No. 8.  On May 20, 2026, the Court signed an Order Granting Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order, ECF No. 9, and an Order Authorizing Alternate Service of Process, ECF No. 11.

Pursuant to the May 20 Orders, Plaintiff served Defendants—through Plaintiff's designated serving notice website and via email—with a copy of the complaint and "other relevant documents" filed in the case.  ECF Nos. 17, 17-1.  Plaintiff subsequently served Defendants with a copy of Plaintiff's Motion for Entry of a Preliminary Injunction, *see* ECF No. 18 at 20, and the Court's Order Setting Preliminary Injunction Hearing and Briefing Schedule, *see* ECF No. 21.

## II.    LEGAL STANDARD

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. *See* ECF No. 22.  To obtain a preliminary injunction, Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying test to a preliminary injunction in a Lanham Act case).

A copyright infringement action requires a plaintiff to prove (1) ownership of a valid copyright, and (2) actionable copying by the defendants. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).   In order to prevail on a trademark infringement claim under § 1114, a plaintiff must demonstrate that (1) it had prior rights to the mark at issue; and (2) that defendants adopted a mark or name that was the same or confusingly similar to the plaintiff's trademark such that consumers were likely to confuse the two. *Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999); *see also Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

As outlined below, Plaintiff has submitted sufficient evidentiary support to warrant enjoining Defendants from engaging in the alleged infringing activities. *See, e.g.*, *Louis Vuitton Malletier, S.A. v. Lin*, No. 10-61640-CIV-HUCK, 2010 WL 11550032 (S.D. Fla. Sept. 2010) (granting preliminary injunction against defendants who failed to respond or appear in the case after the plaintiff presented sufficient evidence of infringing activity to support its motion for preliminary injunction).

4

### III.     ANALYSIS

The declarations and exhibits that Plaintiff submitted in support of its motion for preliminary injunction support the following conclusions of law:

A. Plaintiff has a substantial likelihood of success on the merits of its claims. Plaintiff has a strong probability of proving at trial that Plaintiff is the owner of the Capcom Copyrights and Capcom Trademarks, and that Defendants advertise, market, distribute, offer for sale, and/or sell products using infringing and counterfeit versions of the Capcom Trademarks (Defendants 48-115) and/or unauthorized copies of Capcom's Copyrights (Defendants 1-47 and 86-115).

B. Because of the infringement upon the Capcom Trademarks and Capcom Copyrights, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts—as set forth in Plaintiff's complaint, ECF No. 1, the instant motion, ECF No. 18, and the declarations and exhibits accompanying Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order, ECF No. 5— demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers if a preliminary injunction is not issued:

   i.    Defendants own, operate, and/or control interactive e-commerce stores operating under the Seller Aliases which advertise, market, distribute, offer for sale, and/or sell products using infringing and counterfeit versions of the Capcom Trademarks and/or unauthorized copies of Capcom's Copyrights in violation of Plaintiff's rights; and

   ii.   There is good cause to believe that additional counterfeit and infringing products bearing and/or using infringing or counterfeit versions of the Capcom Trademarks and/or unauthorized copies of the Capcom Copyrights will appear in the marketplace; that consumers are likely to be misled, confused, and/or

disappointed by the quality of these products; and that Plaintiff may suffer loss to its reputation and goodwill, as well as loss of sales for its genuine products.

C.  The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing goods through their e-commerce stores and freezing their ill-gotten profits if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, Plaintiff's reputation, and Plaintiff's goodwill, if such relief is not issued.

D.  The public interest favors issuance of a preliminary injunction to protect Plaintiff's trademark and copyright interests, prevent consumer confusion, and protect the public from being defrauded by the illegal sale of infringing goods.

E.  Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984), *abrogated on other grounds by AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67, 70 (2021)).

F.  In light of the inherently deceptive nature of the intellectual property infringement business and the likelihood that Defendants have violated federal trademark and/or copyright laws, there is good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of a Preliminary Injunction, ECF No. 18, be **GRANTED**. The undersigned further recommends that the preliminary injunction provide as follows:

(1)    The Defendants identified numerically within Schedule A as Defendants 1-47 and Defendants 86-115 and their officers, directors, employees, agents, subsidiaries, and distributors, as well as any person in active concert or participation with any of those

6

Defendants having notice of this Preliminary Injunction, are preliminary enjoined and restrained from:

a. Reproducing, distributing copies of, making derivative works of, or publicly displaying the Capcom Copyrights in any manner without the express authorization of Plaintiff;

b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine Capcom product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Capcom Copyrights;

c. Committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. Further infringing the Capcom Copyrights and damaging Plaintiff's goodwill;

e. Shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, which bear the Capcom Copyrights; and

f. Using the Capcom Copyrights on or in connection with all e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller Aliases.

(2) The Defendants identified numerically within Schedule A as Defendants 48-115 and their officers, directors, employees, agents, subsidiaries, and distributors, as well as any person in active concert or participation with any of those Defendants having notice of this Preliminary Injunction, are preliminary enjoined and restrained from:

7

a. Using the Capcom Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Capcom product or not authorized by Plaintiff to be sold in connection with the Capcom Trademarks;

b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine Capcom product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Capcom Trademarks;

c. Committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. Further infringing the Capcom Trademarks and damaging Plaintiff's goodwill;

e. Shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, which bear any of Plaintiff's trademarks, including the Capcom Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof; and

f. Using the Capcom Trademarks on or in connection with all e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller Aliases.

(3) Each Defendant shall not transfer ownership of the Internet based -ecommerce stores under its Seller Alias during the pendency of this action, or until further Order of the Court.

(4)     Each Defendant shall continue to preserve copies of all computer files relating to the use of the Seller Aliases and shall take all steps necessary to retrieve computer files relating to the use of the Seller Aliases that may have been deleted before the entry of this Preliminary Injunction.

(5)     Upon Plaintiff's request, the privacy protection service for any Seller Alias for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information shall, to the extent not already done, disclose to Plaintiff the true identity and contact information of the registrant.

(6)     Upon receiving notice of this Preliminary Injunction, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms shall, to the extent not already done:

   a.   Identify all financial accounts and/or sub-accounts associated with the Internet based e-commerce store operating under the Seller Aliases, financial accounts, payment accounts, Merchant IDs, Merchant Names, and/or any e-mail address identified on Schedule "A" hereto, as well as any other related accounts of the same customer(s);

   b.   Identify all other accounts which transfer funds into the same financial institution account(s), and/or any of the other financial accounts subject to this Preliminary Injunction;

   c.   Restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto;

   d.   Divert those restrained funds to a holding account for the trust of the Court; and

   e.   Provide Plaintiff's counsel, within seven (7) business days of receiving notice of this Preliminary Injunction, with all data that details (i) an accounting of the total

9

funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained.

    f.   Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until after those accounts are restrained.   No funds restrained by this Preliminary Injunction shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace platforms and their related companies and affiliates for any purpose (other than pursuant to a purchase refund chargeback made by a consumer) without the express authorization of this Court.

(7)    Any Defendant or financial institution account holder subject to this Preliminary Injunction may petition the Court to modify the asset restraint set out in this Preliminary Injunction.

(8)    This Preliminary Injunction shall apply to the Seller Aliases, associated e-commerce stores, private messaging accounts, and financial accounts, and any other e-commerce store names, seller identification names, private messaging accounts, or financial accounts which are being used by Defendants for the purpose of infringing on the Capcom Trademarks and/or the Capcom Copyrights at issue in this action and/or unfairly competing with Plaintiff.

(9)    This Preliminary Injunction shall no longer apply to any Defendant or associated e-commerce store dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction.

(10) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), to pay for any damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

(11) Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the ecommerce stores, and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, and their related companies and affiliates, shall, at Plaintiff's request and to the extent not already done, provide Plaintiff's counsel with any email address known to be associated with Defendants' Seller Aliases.

(12) This Preliminary Injunction shall remain in effect during the pendency of this action or until such further date set by the Court.

---

Plaintiff's counsel **SHALL SERVE** a copy of this Report and Recommendation on Defendants **by no later than June 17, 2026** and shall file proof of service thereof.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to **EXPEDITE** the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge. Accordingly, the parties shall have **until Monday, June 22, 2026** to file and serve any written objections to this Report and Recommendation. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a

11

party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

  **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 17th day of June 2026.

                  _____
                  EDUARDO I. SANCHEZ
                  UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Jose E. Martinez
   Counsel of Record

**SCHEDULE A**

| No. | Seller Alias | Infringement Type | URL |
|---|---|---|---|
| 1 | ClickEmb | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2WM2FEHKGLRU5 |
| 2 | EVERMORE | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2QX0ECVUNA1EH |
| 3 | KSD GRIPS | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A2KQUB6HQ3ZRPO |
| 4 | LUCKYCOS | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=AZABVUNFNEOG7 |
| 5 | STICKY DUDE 🟩 | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A10PVY39XC039Y |
| 6 | wonunfei | Copyright only | https://www.amazon.com/sp?ie=UTF8&seller=A116H4YX7WHX8W |
| 7 | dhpethi | Copyright only | https://www.dhgate.com/store/top-selling/22022525.html |
| 8 | magpagoda | Copyright only | https://www.dhgate.com/store/top-selling/21635081.html |
| 9 | men_essentials | Copyright only | https://www.dhgate.com/store/top-selling/22006878.html |
| 10 | taiho_shop | Copyright only | https://www.dhgate.com/store/22002647 |
| 11 | tyyhmy | Copyright only | https://www.dhgate.com/store/top-selling/22270097.html |
| 12 | wikuba | Copyright only | https://www.dhgate.com/store/21946517 |
| 13 | mygoodmood2019 | Copyright only | https://www.ebay.com/str/thetoyworld |
| 14 | EBeddingSets | Copyright only | https://www.ebeddingsets.com/ |
| 15 | Schmidtstee Store | Copyright only | https://schmidtstee.com |
| 16 | Vandagear | Copyright only | https://www.vandagear.com/ |
| 17 | ACCDDD | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418227307168 |
| 18 | Big Ajins iron sign two | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418219170240 |
| 19 | Chic Treasure Local | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418218186334 |
| 20 | Color three | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418218821429 |
| 21 | Conisi PrintWorks | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418218538796 |
| 22 | Cool self | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418218152110 |
| 23 | didalindalinda | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418219937990 |

13

| 24 | Fafa go | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418227121200 |
|----|---------|----------------|---|
| 25 | Fashion Trend Girls | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418222698109 |
| 26 | GTZHUOYUAN | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418227141213 |
| 27 | Happy Hippo Crafts | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418223927887 |
| 28 | Im a trendsetter | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418216721773 |
| 29 | Jason Decorating | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418218089131 |
| 30 | JUSTXJQ | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418225990864 |
| 31 | LHB wall decoration | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418225939164 |
| 32 | LJWEEE | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418228321337 |
| 33 | LOHOIVES | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418222110467 |
| 34 | Lovely Collections | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418226774394&goods_id=601104789003156&sticky_type=3&refer_page_el_sn=200446&_x_sessn_id=q9cfavpu3e&refer_page_name=goods&refer_page_id=10032_1767801101148_q5w2rh42lz&refer_page_sn=10032 |
| 35 | Lovely Founds | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418226774417 |
| 36 | LSLSLS | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418216037931&goods_id=601104101046152&sticky_type=3&refer_page_el_sn=200446&_x_sessn_id=q9cfavpu3e&refer_page_name=goods&refer_page_id=10032_1767800870870_5cc3rjup6p&refer_page_sn=10032 |
| 37 | Lsr FCTextiles A | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418224126891 |
| 38 | MSTARSS | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418225622560 |
| 39 | PinFanatics | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418223506605 |
| 40 | pipu art | Copyright only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418224955970 |

| 41 | Printed Shirt Shop | Copyright only | https://www.temu.com/mall.html?_bg fs=1&mall_id=634418226591478 |
|----|-------------------|----------------|----------------------------------------------------------------|
| 42 | Select Fouk | Copyright only | https://www.temu.com/mall.html?_bg fs=1&mall_id=634418218488480 |
| 43 | ShuttlePop | Copyright only | https://www.temu.com/mall.html?_bg fs=1&mall_id=634418222772720 |
| 44 | SSGS | Copyright only | https://www.temu.com/mall.html?_bg fs=1&mall_id=634418220093459 |
| 45 | SUNNYHOPE | Copyright only | https://www.temu.com/mall.html?_bg fs=1&mall_id=634418225089812 |
| 46 | TtingtingD | Copyright only | https://www.temu.com/mall.html?_bg fs=1&mall_id=634418224057846 |
| 47 | YHTShirt Shop | Copyright only | https://www.temu.com/mall.html?_bg fs=1&mall_id=634418228362299 |
| 48 | akuchi | Trademark only | https://www.dhgate.com/store/top-selling/22047712.html |
| 49 | bailixi04 | Trademark only | https://www.dhgate.com/store/215830 03 |
| 50 | cow01 | Trademark only | https://www.dhgate.com/store/product s/2162230 |
| 51 | fanfantuo | Trademark only | https://www.dhgate.com/store/220322 72.html |
| 52 | haohao68 | Trademark only | https://www.dhgate.com/store/220410 34 |
| 53 | hyy88 | Trademark only | https://www.dhgate.com/store/top-selling/22217019.html |
| 54 | joytech_official | Trademark only | https://www.dhgate.com/store/220102 07 |
| 55 | mimbeu | Trademark only | https://www.dhgate.com/store/product s/21931891 |
| 56 | oul_bag01 | Trademark only | https://www.dhgate.com/store/top-selling/22062260.html |
| 57 | quan10 | Trademark only | https://www.dhgate.com/store/top-selling/21401648.html |
| 58 | streetwearstore | Trademark only | https://www.dhgate.com/store/205029 56 |
| 59 | ua_sacramento | Trademark only | https://www.dhgate.com/store/about-us/22021071.html |
| 60 | wangwang785 | Trademark only | https://www.dhgate.com/store/top-selling/22243171.html |
| 61 | wangwang9 | Trademark only | https://www.dhgate.com/store/top-selling/22243174.html |
| 62 | xingxing379 | Trademark only | https://www.dhgate.com/store/220286 25 |
| 63 | cexcos | Trademark only | https://www.ebay.com/str/ascosing |
| 64 | AllCosplay | Trademark only | https://allcosplay.com/ |

15

| 65 | Allenshoesaccessories | Trademark only | https://allenshoesaccessories.com |
|----|------------------------|----------------|-----------------------------------|
| 66 | Anicossky | Trademark only | https://anicossky.com |
| 67 | Artsholic | Trademark only | https://www.artsholic.com |
| 68 | bekindproduct | Trademark only | https://bekindproduct.com/ |
| 69 | Cosermart | Trademark only | https://cosermart.com |
| 70 | Doublejoydesigns Store | Trademark only | https://doublejoydesigns.com |
| 71 | ecisutop | Trademark only | https://www.ecisutop.com |
| 72 | FictionalCorporations.com | Trademark only | https://fictionalcorporations.com |
| 73 | HOO | Trademark only | https://www.hoosshop.com |
| 74 | Limo Fashion | Trademark only | https://store.limotees.com |
| 75 | MinoCustom | Trademark only | https://minocustom.com |
| 76 | Podhalastore | Trademark only | https://podhalastore.com/ |
| 77 | Salelogy.com | Trademark only | https://salelogy.com |
| 78 | Swatcho | Trademark only | https://swatcho.us |
| 79 | Fashionable Boys Wardrobe | Trademark only | https://www.temu.com/mall.html?_bg fs=1&mall_id=5358329005281 |
| 80 | ToteTopHat | Trademark only | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418225596371 |
| 81 | WowMart Family | Trademark only | https://www.temu.com/mall.html?_bg fs=1&mall_id=634418227673202 |
| 82 | Game City | Trademark only | https://www.walmart.com/global/selle r/102884872 |
| 83 | JinFa | Trademark only | https://www.walmart.com/global/selle r/102750759 |
| 84 | SEYUQI | Trademark only | https://www.walmart.com/seller/1016 72918 |
| 85 | zikuowl | Trademark only | https://www.walmart.com/global/selle r/102806178 |
| 86 | amabella | Trademark and Copyright | https://www.dhgate.com/store/top-selling/22049585.html |
| 87 | daukantas | Trademark and Copyright | https://www.dhgate.com/store/top-selling/22262890.html |
| 88 | daumier | Trademark and Copyright | https://www.dhgate.com/store/220484 25 |
| 89 | patroclus | Trademark and Copyright | https://www.dhgate.com/store/top-selling/22047716.html |
| 90 | psychoo | Trademark and Copyright | https://www.dhgate.com/store/219055 10 |
| 91 | wangge689 | Trademark and Copyright | https://www.dhgate.com/store/top-selling/22243191.html |
| 92 | waterville | Trademark and Copyright | https://www.dhgate.com/store/top-selling/22027874.html? |
| 93 | zhangting699 | Trademark and Copyright | https://www.dhgate.com/store/product s/22035690.html |
| 94 | annagusheng | Trademark and Copyright | https://www.ebay.com/str/auytech |

| 95 | besttop6 | Trademark and Copyright | https://www.ebay.com/str/bjtop789 |
|---|---|---|---|
| 96 | cyp071130 | Trademark and Copyright | https://www.ebay.com/usr/cyp071130 |
| 97 | dedoadr | Trademark and Copyright | https://www.ebay.com/usr/dedoadr |
| 98 | fashion-cottage888 | Trademark and Copyright | https://www.ebay.com/str/hellasanimeshop |
| 99 | gutpi-0 | Trademark and Copyright | https://www.ebay.com/str/castro1store |
| 100 | keedhookah | Trademark and Copyright | https://www.ebay.com/str/keedhookah |
| 101 | lhbq9363 | Trademark and Copyright | https://www.ebay.com/str/gongxifacai2025 |
| 102 | marshallweshop | Trademark and Copyright | https://www.ebay.com/usr/marshallweshop |
| 103 | mooiyee | Trademark and Copyright | https://www.ebay.com/str/mooiyee |
| 104 | oneingprint | Trademark and Copyright | https://www.ebay.com/str/oneingprint |
| 105 | pha-1348 | Trademark and Copyright | https://www.ebay.com/str/romeuriosstore |
| 106 | zxh20_75 | Trademark and Copyright | https://www.ebay.com/str/jump003 |
| 107 | Dejavain | Trademark and Copyright | https://dejavain.com/ |
| 108 | Dolergear | Trademark and Copyright | https://www.dolergear.com |
| 109 | FootWonders | Trademark and Copyright | https://footwonders.com/ |
| 110 | MuralMagnetism | Trademark and Copyright | https://muralmagnetism.com |
| 111 | Tech Tees USA | Trademark and Copyright | https://techteesusa.com/ |
| 112 | Tidenis | Trademark and Copyright | https://tidenis.com |
| 113 | YeeATZ | Trademark and Copyright | https://yeeatz.com |
| 114 | LT UNVERS SHOP | Trademark and Copyright | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418221903118 |
| 115 | POLONEZ | Trademark and Copyright | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418223532544 |